```
IN THE UNITED STATES DISTRICT COURT FOR
   THE SOUTHERN DISTRICT OF GEORGIA
            SAVANNAH DIVISION
```

KATHLEEN Y. CHAPMAN,                )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )   CASE NO. CV423-144
                                    )
WAL-MART STORES EAST, LP, and       )
DANIEL ANDERSON;                    )
                                    )
    Defendants.                     )
                                    )

## O R D E R

Before the Court is Defendants Wal-Mart Stores East LP and Daniel Anderson's Notice of Removal. (Doc. 1). After careful review of the record in this case, it appears that Defendants have failed to establish this Court's jurisdiction. Accordingly, Defendants are **DIRECTED** to demonstrate within **fourteen (14) days** from the date of this order whether the Court has subject matter jurisdiction over this case.

On May 1, 2023, Plaintiff filed this negligence action in the State Court of Effingham County, Georgia, against Defendants. (Doc. 1, Attach. 1 at 6.) Defendants removed the case to this Court on June 1, 2023, under 28 U.S.C. §§ 1332, 1441, and 1446, alleging diversity jurisdiction.[1] (Doc. 1 at 2, 3, 4.)

---

[1] Defendants contend that Defendant Anderson was fraudulently joined solely for the purposes of defeating diversity and have filed a motion to dismiss him from this lawsuit. (Doc. 5.) This order does not alter any deadlines related to that motion.

When it appears that subject matter jurisdiction may be lacking, "a federal court must inquire sua sponte into the issue[.]" Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (citation omitted). Relevant to this case, subject matter jurisdiction exists when the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a). The party removing the case to federal court "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)).

Complete diversity requires that "no two adverse parties are citizens of the same state." Ranbaxy Lab'ys Inc. v. First Databank, Inc., 826 F.3d 1334, 1338 (11th Cir. 2016) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978)).

> For diversity jurisdiction purposes, a corporation is a "citizen of every State by which it has been incorporated and of the State . . . where it has its principal place of business." See 28 U.S.C. § 1332(c)(1). "Principal place of business" is a term of art with a defined legal meaning for jurisdictional purposes.

Wylie v. Red Bull North Am., Inc., 627 F. App'x 755, 757 (11th Cir. 2015) (per curiam). "[A] limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,

374 F.3d 1020, 1021 (11th Cir. 2004). A "limited liability company is a citizen of any state of which a member of the company is a citizen." Id. at 1022. "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership." Id. at 1022.

With respect to Defendant's citizenship, the notice of removal states:

> Defendant Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC (a Delaware limited liability company) is the sole general partner and WSE Investments, LLC (a Delaware limited liability company) is the sole limited partner. The sole member of WSE Management, LLC and of WSE Investments, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability company. The sole member of Wal-Mart Stores East, LLC is Walmart Inc., a Delaware corporation and Wal-Mart Stores East, LLC is a wholly-owned subsidiary of Walmart, Inc., a Delaware corporation. Wal-Mart Stores East, LP's principal place of business is in Arkansas. Therefore, Wal-Mart Stores East, LP does not have any members or partners that are Georgia residents.

(Doc. 1 at 2-3.) While the notice of removal states that Walmart Inc. is a Delaware corporation and that Wal-Mart Stores East, LP's principal place of business is Arkansas, the notice of removal does not include **Walmart Inc.'s** principal place of business. Accordingly, the information in the notice of removal is

3

insufficient to establish complete diversity.[2]

Because the jurisdictional allegations contained in the notice of removal are insufficient to establish complete diversity, Defendants are **DIRECTED** to file a supplemental brief within **fourteen (14) days** from the date of this order to demonstrate whether the court has subject matter jurisdiction over this case. Failure to do so will result this case being remanded for lack of subject matter jurisdiction.

SO ORDERED this 15th day of June 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court notes that Defendant has frequently failed to properly allege its citizenship in federal court – including in cases currently pending before this Court. See, e.g., Moore v. Walmart Stores E. LP (Delware), No. 4:22-cv-139, Doc. 20; Miles v. Wal-Mart Stores E., LP, No. 4:20-cv-066, Doc. 42; McBride v. Wal-Mart Stores E., L.P., No. 18-25072-Civ-Scola, 2020 WL 2781334, at *1 (S.D. Fla. Apr. 27, 2020); Londono v. Wal-Mart Stores E., L.P., No. 8:15-CV-1143-T-36JSS, 2015 WL 12866445, at *1 (M.D. Fla. July 23, 2015); Nieves v. Walmart Stores E., LP, No. 2:19-cv-00474-JLB-NPM, 2020 WL 5369080, at *1-3 (M.D. Fla. Sept. 8, 2020). As the Middle District of Florida aptly stated, "[t]his [repeated] failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017).