UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KATHLEEN Y. CHAPMAN,           )
                               )
         Plaintiff,            )
                               )
v.                             )        CV423-144
                               )
WAL-MART STORES EAST, LP       )
and DANIEL ANDERSON,           )
                               )
         Defendants.           )

**REPORT AND RECOMMENDATION**

Plaintiff moves for leave to amend her complaint to substitute Mark Smith for Defendant Daniel Anderson. Doc. 17. When she filed her complaint, Plaintiff believed that Defendant Anderson was the on-duty store manager of a Wal-Mart located at 434 South Columbia Avenue, Rincon, Effingham County, Georgia (the "Rincon Wal-Mart"), on May 25, 2021, the day Plaintiff alleges she slipped and fell at that Wal-Mart location. *Id.* at 1-2. Plaintiff has since learned that she was mistaken. According to his affidavit, Defendant Anderson, the current manager of the Rincon Wal-Mart, did not begin working at that location until January 1, 2022. *See* doc. 1-2 at 2 (Anderson Affidavit). Plaintiff now believes that Mark Smith–not Defendant Anderson–was manager of the

Rincon Wal-Mart when she had her accident.[1]  Doc. 17 at 2-3.  She therefore wishes to substitute Mark Smith for Defendant Anderson.  *See id.*  Defendants oppose the motion for leave to amend the complaint, arguing that an amendment substituting Mark Smith for Defendant Anderson would not relate back to the original complaint and any claims against Smith would therefore be time-barred by the statute of limitations.  *See generally* doc. 21.  Plaintiff replied in support of her motion.  *See generally* doc. 26.  Having reviewed the briefing and fully considered Plaintiff's motion, the Court **RECOMMENDS** that Plaintiff's Motion for Leave of Court to File Amended Complaint and to Substitute Mark Smith as Party Defendant for Defendant Daniel Anderson be **DENIED**.  Doc. 17.

    Rule 15(a)(2) of the Federal Rules of Civil Procedure authorizes courts to freely give parties leave to amend pleadings "when justice so requires."  But Rule 15 does not supersede applicable statutes of

---

[1] Plaintiff came to believe that Mark Smith was manager of the Rincon Wal-Mart at the time of her accident "[a]fter some investigation."  Doc. 17 at 2.  Because it is unnecessary for this analysis, the Court does not comment on whether Plaintiff has demonstrated that Mark Smith was manager of the Rincon Wal-Mart on May 25, 2021.  The Court also, therefore, does not consider the Facebook screenshots Plaintiff submitted with her reply brief.  *See* docs. 26-1 (Exhibit A) & 26-2 (Exhibit B).  The screenshots are irrelevant to the analysis that follows.

limitations. *See* Fed. R. Civ. P. 15(c)(1). Here, because Plaintiff brings this action under Georgia law, the statute of limitations is two years. O.C.G.A. § 9-3-33; *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (holding that federal courts sitting in diversity should apply the substantive laws of the state); *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 110 (1945) (holding federal courts sitting in diversity should apply state statutes of limitations under *Erie*). Because Plaintiff alleges the incident occurred on May 25, 2021, *see* doc. 1-1 at 6, the statute ran on May 25, 2023. Although Plaintiff filed her initial Complaint in the State Court of Effingham County on May 1, 2023, before the expiration of the statute of limitations, *see* doc. 1-1 at 5, she did not seek leave to amend her complaint to add Mark Smith as a new defendant until June 23, 2023, *see* doc. 17. Therefore, Plaintiff's amendment must relate back to the original complaint for any claims against Smith to not be time-barred under the applicable statute of limitations. *See generally* Fed. R. Civ. P. 15(c)(1).

When state law provides the statute of limitations for a claim pursued in federal court, state law relation-back rules apply. *Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 960 (11th Cir. 2001) (en banc). Under

3

Georgia law, an amended complaint substituting one defendant for another relates back when:

> (1) the claim "arises out of the conduct, transaction, or occurrence set forth . . . in the original pleading," (2) the proposed defendant, before the statute of limitations expired, "received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits," *and* (3) the proposed defendant, before the statute of limitations expired, "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*Oconee Cnty. v. Cannon*, 854 S.E.2d 531, 536 (Ga. 2021) (quoting O.C.G.A. § 9-11-15(c)) (emphasis added); *see also* O.C.G.A. § 9-11-15(c) (governing relation-back); *Presnell v. Paulding Cnty.*, 454 F. App'x 763, 767 (11th Cir. 2011) (applying Georgia's relation back rules found in O.C.G.A. § 9-11-15(c) where Georgia law provided the applicable statute of limitations). All three conditions must be met for a claim to relate back. *See Wallick v. Lamb*, 656 S.E.2d 164, 165 (Ga. App. 2007) ("All of the provisions of O.C.G.A. § 9-11-15(c) must be satisfied before the belated claim will relate back and escape the bar of the statute of limitation."). Plaintiff bears the burden of showing that each condition is satisfied. *See Parks v. Hyundai Motor Am., Inc.*, 575 S.E.2d 673, 677 (Ga. App. 2002); *Gonzales v. Jones*, ___ S.E.2d ___, 2023 WL 6472274, at

*3 (Ga. App. Oct. 5, 2023) (internal citations omitted). The parties do not dispute that Plaintiff's potential claim against Mark Smith "arises out of the conduct, transaction, or occurrence set forth . . . in the original pleading."[2] *Cannon*, 854 S.E.2d at 536 (internal quotations omitted). The issue is whether, before the statute of limitations expired on May 25, 2023, Mark Smith received proper notice of the action under O.C.G.A. § 9-11-15(c).

O.C.G.A. § 9-11-15(c) "should be liberally construed to effect its purpose of ameliorating the impact of the statute of limitation." *Herndon v. Heard*, 585 S.E.2d 637, 639 (Ga. App. 2003) (internal quotations and citation omitted). Even so, Plaintiff has failed to meet her burden to show that Smith "before the statute of limitations expired, received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits" or "knew or should have known

---

[2] Plaintiff has not actually submitted a proposed amended complaint articulating her claim against Mark Smith. *See generally* docket. But Defendants do not object to the lack of a proposed amended complaint, *see* doc. 21, and it appears based on Plaintiff's Motion that the proposed amendment would merely "substitute Mark Smith for Defendant Anderson," such that the substantive allegations would remain the same, doc. 17 at 3; *see also id.* at 6 (arguing the allegations against Smith arise out of the same May 25, 2021 incident). Defendants' argument against amendment focuses on Plaintiff's inability to show that the notice requirements were met. *See* doc. 21 at 5-8.

that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." *Cannon*, 854 S.E.2d at 536 (internal quotations omitted). Plaintiff's arguments that Mark Smith had proper notice of the action under O.C.G.A. § 9-11-15(c) are speculative, conclusory, and insufficient to carry her burden.

Plaintiff argues that Smith had sufficient constructive notice of the suit before May 25, 2023, such that he will not be prejudiced in maintaining his defense on the merits, because: (1) Defendant Anderson was served on May 2, 2023, (2) a copy of the Complaint was emailed to Defendant Wal-Mart's claims adjuster on May 2, 2023, and (3) "it is reasonable to presume that [counsel of record for both Defendants] will represent Mark Smith if he is substituted as a Party Defendant."[3] Doc. 17 at 7. This argument fails for several reasons.

Though Smith is employed by Wal-Mart, he currently works in digital operations rather than store management and he does not work

---

[3] Plaintiff also seems to suggest in her reply brief that Defendant Wal-Mart's failure to disclose Mark Smith in its Rule 26(a)(1) Initial Disclosures has some bearing on Smith's alleged constructive notice. *See* doc. 26 at 4. It does not. *See Cannon*, 854 S.E.2d at 536. At most, Plaintiff has identified a potential discovery dispute. If a discovery dispute arises in the future, the Court will address the matter at that time, after the parties have followed the discovery dispute resolution protocol outlined in the Rule 26 Instruction Order, doc. 29 at 5-7.

at the Rincon Wal-Mart. Doc. 21-1 (Smith Affidavit). Plaintiff does not explain how or why Defendants' receipt of the Complaint could have given Smith, an employee in a different department at a different store, constructive notice of the lawsuit. Plaintiff relies on *Leary v. Perdue Farms, Inc.* in her brief for the proposition that "the second condition [is] met when two entity defendants ha[ve] the same principal office address, share[] the same registered agent, and the claims adjuster shared by both entities acknowledge[s] the plaintiff's claim on behalf of the defendant improperly named." Doc. 17 at 6; *see also* 856 S.E.2d 772, 775 (Ga. App. 2021). She suggests this supports her constructive notice argument. Doc. 17 at 6.

But *Leary* deals with two entities, not an entity and individual. *See Leary*, 856 S.E.2d 772. The relationships between two intertwined corporations and between a corporate employer and an individual employee are distinct. While constructive notice may be sufficient under O.C.G.A. § 9-11-15(c) when substituting one corporate entity for a different but substantially related corporate entity, it does not appear that Georgia courts recognize constructive notice as satisfying O.C.G.A. § 9-11-15(c) when the proposed defendant is an individual who could have

only received prior notice through his corporate employer. *Compare id.* at 774-76 (finding that the second condition was met for Perdue Foods, LLC when Perdue Farms, Inc. received notice of the lawsuit because Perdue Farms, Inc. and Perdue Foods, LLC shared the same principal office address, registered agent, and claims adjuster, who represented to the plaintiff that she worked for "Perdue Farms, Inc. and its subsidiaries") *with McNeil v. McCollum*, 625 S.E.2d 10, 15 (Ga. App. 2005) (finding that the second condition was not met where there was no evidence that a proposed defendant had personally been notified of the lawsuit before the statute of limitations expired even though the corporation he worked for had been timely notified of the action).

Even if constructive notice could be applied to the present facts, Plaintiff has not demonstrated that Smith had constructive notice of the initiation of the action before the statute of limitations expired. Smith does not share "the same principal office address" as either Defendant. *Leary*, 856 S.E.2d at 774-76. Smith works at a Wal-Mart in Savannah, Georgia, doc. 21-1 (Smith Affidavit); Defendant Anderson works at a Wal-Mart in Rincon, Georgia, doc. 1-2 (Anderson Affidavit); and Defendant Wal-Mart Stores East, LP is a citizen of Delaware, doc. 2 (Corporate

Disclosure Statement). There is also no evidence that Smith, an individual, has a registered agent or claims adjuster, much less that he shares those representatives with either Defendant. *Leary*, 856 S.E.2d at 774-76.

As to Plaintiff's suggestion that "it is reasonable to presume that [counsel of record for both Defendants] will represent Mark Smith if he is substituted as a Party Defendant," doc. 17 at 7, that argument is both speculative and unpersuasive under Georgia precedent. That a proposed defendant ultimately shares counsel with an original defendant is not in and of itself sufficient to demonstrate that the proposed defendant received notice of the institution of the suit before the statute of limitations expired. For example, in *McNeil*, the proposed defendant was an employee of an entity defendant that received timely notice of the lawsuit and was represented by his corporate employer's attorney. 625 S.E.2d at 15. The Georgia Court of Appeals held that shared representation is not sufficient to establish notice when, "even though there is evidence the attorney had notice of the institution of the suit prior to the expiration of the statute of limitation, [. . .] there is no evidence that [the proposed defendant] was represented by the attorney

9

or had any contact with the attorney prior to the expiration of the statute of limitation." *Id.* Here, as in *McNeil*, Plaintiff offers no evidence that Smith had contact with defense counsel before the statute of limitations expired. Unlike the proposed defendant in *McNeil*, moreover, Smith is not represented by defense counsel and defense counsel have not filed any answers or special appearances on Smith's behalf. *See id.*; *see generally* docket. Plaintiff's speculation that defense counsel would represent Smith if he were added to the action has no bearing on whether Smith had notice of the lawsuit before the statute of limitations ran on May 25, 2023.

Plaintiff has not shown that Smith, "before the statute of limitations expired, received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits." *Cannon*, 854 S.E.2d at 536 (internal quotations omitted). Indeed, Smith avers in an affidavit that he did not have notice of the lawsuit at all until June 23, 2023–nearly two months after the statute of limitations

10

expired.[4]  Doc. 21-1 (Smith Affidavit).  Because Plaintiff cannot satisfy this condition, her claims against Smith do not relate back.  *See Wallick*, 656 S.E.2d at 165 ("All of the provisions of O.C.G.A. § 9-11-15(c) must be satisfied before the belated claim will relate back and escape the bar of the statute of limitation.").  Any claims Plaintiff might have against Mark Smith arising out of the incident at the heart of this action are time-barred.  *See* O.C.G.A. § 9-3-33.  Therefore, Plaintiff's Motion for Leave of Court to File Amended Complaint and to Substitute Mark Smith as Party Defendant for Defendant Daniel Anderson should be **DENIED**.  Doc. 17.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time

---

[4] Plaintiff argues that a portion of Smith's affidavit regarding whether it would be "'highly unusual for a Walmart claims adjuster to inform [Smith] or someone in [his] position of any lawsuit the adjuster received a copy of'" should be struck.  Doc. 26 at 2-3 (quoting doc. 21-1 at 2).  Because the Court does not rely on that portion of Smith's affidavit in its analysis, the issue is moot.

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 7th day of November, 2023.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA